The People, on the relation of James Seymour, *vs.* The Judges of the Monroe Common Pleas.

Motion for a mandamus. The relator, as sheriff of the county of Monroe, was sued before a justice of the peace, for the escape of one R. Fitch, a prisoner in execution, from the liberties of the jail. *Elijah Fitch*, who was bail for the limits, had notice of the suit, and defended the same. Judgment passed against the sheriff. Elijah Fitch, wishing to appeal to the common pleas, requested the sheriff to execute the usual appeal bond for that purpose, which the sheriff refused to do ; compliance with the statute requiring the bond to be executed by the party in the suit.

*An appeal may be prosecuted by the bail for the limits, in the name of the sheriff, on a judgment against him for an escape. An appeal bond executed by the party to be affected by the judgment, is a*

NEW-YORK,
May, 1828.

The People
v.
Irving.

upon which Fitch, with another as his surety, executed a bond and tendered it to the justice, who received and approved of it, and made his return to the Monroe common pleas. The common pleas quashed the appeal, because the bond was not executed by the *party* in the suit.

*A. Gardiner*, for the relator.

*J. H. Gregory*, contra.

*By the Court*, SUTHERLAND, J. The common pleas erred in quashing the appeal. In 7 *Cowen*, 428, *Ex parte Brooks*, this court say the bond must be executed by the *party*, as the statute expressly requires it. Elisha Fitch is the *party* here, within the meaning of the statute. He was bound to indemnify the sheriff; and having received notice of the suit, the judgment was conclusive against him. (6 *Johns. R.* 158, *Kip* v. *Brigham and others*.) As surety to the sheriff, he had a perfect right to remove the cause by appeal to the common pleas, and to use the name of the sheriff for that purpose. (*Lyon* v. *Tallmadge and others, in Error*, 14 *Johns. R.* 501.) The sheriff was not bound to remove the cause to the common pleas, on the requisition of the surety. Unless, therefore, the surety was permitted to prosecute the appeal, he would be remediless. The motion for a mandamus is granted.